IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02213-BNB

CHRISTOPHER VAUGHN, # 118786,

    Plaintiff,

v.

KRISTIN WATT, # 8641,
COLORADO DEPARTMENT OF CORRECTION,
DETECTIVE # 99015,
DENVER POLICE DEPARTMENT, and
J. LEE,

    Defendants.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

NOV 0 5 2010

GREGORY C. LANGHAM
CLERK

ORDER OF DISMISSAL

Plaintiff, Christopher Vaughn, is in the custody of the Colorado Department of Corrections and currently is held at the Centennial Community Transition Center in Englewood, Colorado. Mr. Vaughn, acting *pro se,* filed a Prisoner Complaint pursuant to 42 U.S.C. § 1983 seeking injunctive relief and money damages.

The Court must construe the Prisoner Complaint liberally because Mr. Vaughn is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the Prisoner Complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not act as an advocate

for *pro se* litigants. *See id.* For the reasons stated below, the Complaint and the action will be dismissed as legally frivolous.

Mr. Vaughn alleges that he was subjected to an illegal search when he refused to consent to Defendants Police Officer # 99015 and J. Lee's request to search his vehicle and when Defendants called Defendant Kristin Watt, Mr. Vaughn's parole officer, to conduct the search. Mr. Vaughn contends that, even though Defendants Officer # 99015 and Lee stopped Mr. Vaughn to investigate suspected drug activity, Defendant Watt should not be allowed to conduct the search. Mr. Vaughn further contends that the criminal investigation was a "new investigation" and all his rights were restored with respect to the investigation. Mr. Vaughn also asserts that he did not violate Colo. Rev. Stat. § 17-27.5-101 and the search was conducted in violation of *People v. McCullough*, 6 P.3d 774 (2000). He seeks money damages and "conflict free supervision" on parole.

Mr. Vaughn concedes that Defendant Watt was his parole officer at the time of the search. (Compl. at 3.) Parolees do not enjoy "the absolute liberty to which every citizen is entitled, but only . . . conditional liberty properly dependent on observance of special parole restrictions." *Morrissey v. Brewer*, 408 U.S. 471, 480 (1982). "These restrictions are designed to ensure rehabilitation and protect the public. These twin aims justify the state's limitation of a parolee's Fourth Amendment rights and consequent expectations of privacy." *United States v. Lewis*, 71 F.3d 358, 361 (10th Cir.1995). The United States Supreme Court has recognized exceptions to the warrant requirement when special needs, beyond the normal need for law enforcement, make the warrant and probable-cause requirement impracticable. *Lewis*, 71 F.3d at 361. A state's parole system

2

presents such special needs. *Id.* To ensure adequate monitoring of a parolee's progress, and to deter further criminal conduct, a parole officer must be permitted, in proper circumstances, to act expeditiously and without warning. *Id.* at 362.

In Colorado, a parolee is required as a condition of parole to allow parole officers to make residential visits and to search his or her residence, person, or vehicle. Colo. Rev. Stat. § 17-2-201(5)(f)(I)(D). Because § 17-2-201 authorizes searches of a parolee's residence, person, or vehicle as a condition of parole, a parole officer needs only reasonable suspicion that the parolee has committed or is committing a parole violation or crime. *People v. Tafoya*, 985 P.2d 26, 29 (Colo. App. 1999). Here, the search involved a warrantless entry of Mr. Vaughn's car by his parole officer. Mr. Vaughn did not have an expectation of privacy in his vehicle. Furthermore, Mr. Vaughn concedes that police officers had targeted his vehicle as a source of drug activity providing a basis for reasonable suspicion that Mr. Vaughn was participating in criminal activity.

Mr. Vaughn's reliance on *McCullough* is misplaced. Nothing in *McCullough* supports Mr. Vaughn's claim that the search of his vehicle was a violation of a state statue or his due process rights. *McCullough* recognizes that a parole officer is authorized under § 17-2-201(5)(f)(I) to search the parolee, his residence, any premises under his control, and any vehicle under his control to determine if the parolee is in violation of his parole. *McCullough*, 6 P.3d at 783. Nothing in § 17-2-201 or under *McCullough* is in conflict with the findings in *Lewis*, and nothing Mr. Vaughn asserts supports a finding that the search conducted by his parole officer of his vehicle violated his due process rights.

3

In *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), the United States Supreme Court held that if a judgment for damages favorable to a prisoner in a 42 U.S.C. § 1983 action necessarily would imply the invalidity of his criminal conviction or sentence, the § 1983 action does not arise until the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal, or called into question by the issuance of a federal habeas writ. Consequently, *Heck* precludes Mr. Vaughn from recovering damages based on a challenge to the validity of his conviction and sentence or possible parole revocation.

Although "[c]laims arising out of police actions towards a criminal suspect, such as arrest, interrogation, or search and seizure, are presumed to have accrued when the actions actually occur," *Beck v. City of Muskogee Police Dept.*, 195 F.3d 553, 558 (10th Cir. 1999), to recover compensatory damages Mr. Vaughn must prove not only that the search was unlawful, but also that it caused him actual, compensable injury that does not encompass the "injury" of being convicted and imprisoned. *Heck*, 512 U.S. at 487 n. 7. Even though Mr. Vaughn may be asserting a Fourth Amendment claim due to an unauthorized search, the claim is barred by *Heck*. A judgment in favor of Mr. Vaughn's claim that Defendants violated his constitutional rights, when they conducted a search of his vehicle, necessarily would imply the invalidity of his state court criminal proceedings. Mr. Vaughn also fails to assert any compensable injury other than possibly that his parole was revoked and he was subjected to new criminal proceedings. Therefore, Mr. Vaughn's claims for damages are barred by *Heck*.

The Complaint also suffers from other deficiencies. First, Mr. Vaughn may not sue the Defendant Denver Police Department. The police department is not a separate entity from the City and County of Denver and, therefore, is not a person under 42 U.S.C. § 1983. *See Stump v. Gates*, 777 F. Supp. 808, 814-16 (D. Colo. 1991), *aff'd*, 986 F.2d 1429 (10th Cir. 1993). Any claims asserted against the police department must be considered as asserted against the City and County of Denver.

Municipalities and municipal entities, however, are not liable under 42 U.S.C. § 1983 solely because their employees inflict injury on a plaintiff. *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 694 (1978); *Hinton v. City of Elwood, Kan.*, 997 F.2d 774, 782 (10th Cir. 1993). To establish liability, a plaintiff must show that a policy or custom exists and that there is a direct causal link between the policy or custom and the injury alleged. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989). Mr. Vaughn cannot state a claim for relief against the City and County of Denver under § 1983 merely by pointing to isolated incidents. *See Monell*, 436 U.S. at 694.

Furthermore, any claims against Defendant Colorado Department of Corrections is barred by the Eleventh Amendment. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989). "It is well established that absent an unmistakable waiver by the state of its Eleventh Amendment immunity, or an unmistakable abrogation of such immunity by Congress, the amendment provides absolute immunity from suit in federal courts for states and their agencies." *Ramirez v. Oklahoma Dep't of Mental Health*, 41 F.3d 584, 588 (10th Cir. 1994).

Based on the above findings, the Court will dismiss the Complaint and action as

legally frivolous. Accordingly, it is

ORDERED that the Complaint and action are dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

DATED at Denver, Colorado, this  5th  day of  November , 2010.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-02213-BNB

Christopher Vaughn
Prisoner No. 118789
Denver County Jail
PO Box 1108
Denver, CO 80201

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 11/5/10

GREGORY C. LANGHAM, CLERK

By: _____
       Deputy Clerk